**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

SEMINOLE TRIBE OF FLORIDA,

Plaintiff,

v.

CONSOLIDATED
CASE NO. 4:15cv516-RH/CAS

STATE OF FLORIDA,

Defendant.

_________________________________/

# PRETRIAL ORDER

This order confirms and adds to the rulings entered at the pretrial conference on September 1, 2016.

IT IS ORDERED:

1. The trial is specially set for Monday, October 3, 2016. If not completed during that week, the trial will continue on the next available date, which may not be during the week of October 10.

2. By September 16, a party must give notice of the pages and lines of deposition testimony the party will introduce at trial. By September 21, a party so notified must give notice of any other part of the deposition the party wishes to

cross-designate. By September 23, the party who made the original designation must give notice of any further part of the deposition the party wishes to have introduced in response to the cross-designation. By September 28, a party must give notice of any objection to the introduction of deposition testimony identified under this paragraph. Notice under this paragraph must be given to the other party but need not be filed. Nothing in this paragraph affects the use of a deposition for impeachment of a testifying witness.

3. By the morning of trial, a party who intends to offer deposition testimony must file the transcript or, if the transcript is already in the record, must file a notice citing the transcript by ECF number.

4. A further hearing to address evidentiary issues or other pretrial matters will be conducted by telephone at the request of either side. A request may be made orally to the courtroom deputy clerk. A request should not be made for an issue that can easily be addressed at trial without causing a witness to travel unnecessarily or causing a party to incur other undue expense.

5. The attorneys and members of their staffs may bring laptops, electronic tablets, and cellular telephones into the courtroom. Telephones must be off or in silent mode while court is in session.

6. The plaintiff’s summary-judgment motion, ECF No. 37, is denied.

7. The defendant's motion for partial summary judgment is deemed both a motion to dismiss the plaintiff's count 2 for lack of subject-matter jurisdiction (as a result of Eleventh Amendment and sovereign immunity) and a motion for summary judgment on that count (based on the absence of any duty to negotiate or renegotiate while a compact is in place). The summary-judgment motion is denied. The motion to dismiss will be addressed in a separate order.

8. The defendant's motion in limine, ECF No. 56, seeking to exclude the testimony of Alan Meister is denied.

9. The defendant's motion in limine, ECF No. 59, seeking clue exclude the testimony of Jimmie Ray Kilby is denied.

10. The parties must confer on whether the case should be tried on the written record—that is, submitted for a decision based on the declarations, deposition testimony, expert reports, and exhibits already in the record, subject to objections on relevance and other grounds that could be made if the same testimony was presented live during the trial. If the parties agree that the case should be so tried, they should confer on whether additional briefing or closing arguments should be allowed or the case should be deemed submitted on the summary-judgment memoranda, the trial briefs, and the oral arguments presented at the pretrial conference. The parties must file by September 19 a notice reporting that (a) they have *not* agreed to trial on the written record, or (2) they *have* agreed

(and, in that event, reporting any agreement on further briefing and closing arguments).

SO ORDERED on September 1, 2016.

s/Robert L. Hinkle
United States District Judge