UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SEMINOLE TRIBE OF FLORIDA,

        Plaintiff,

v.

STATE OF FLORIDA,

        Defendant.

CONSOLIDATED CASE
CASE NO.: 4:15-CV-516-RH/CAS

---

### SEMINOLE TRIBE'S MEMORANDUM IN OPPOSITION TO GRETNA RACING'S MOTION TO INTERVENE

Gretna Racing, LLC ("Gretna") correctly sets forth the four-part test that it must meet to be entitled to intervention. However, a review of its argument and the trial record shows that it has failed to meet any one of the four parts.

**Timeliness**

Gretna concedes in its motion that it was aware of the filing of this action, and that its counsel reviewed the complaint to determine whether any of Gretna's rights were implicated and continued to monitor the case as it progressed to trial. Motion to Intervene, pp. 2, 3. Nevertheless, Gretna argues that it had no reason to suspect that the Court might make findings that player-banked games were banking card games made unlawful by Section 849.086, Florida Statutes. Gretna's allegations in this regard are unsustainable. The issue of whether player-banked

games, and designated player games in particular, were banked card games within the meaning of Section 849.086 – as well as within the meaning of the Compact and general industry usage – was at the core of the dispute. The issue was thoroughly briefed by both parties, and was the subject of testimony by both lay and expert witnesses. Similar arguments were made and rejected in *Angel Flight of Georgia, Inc. v. Angel Flight America, Inc.*, 272 Fed. Appx. 817 (11th Cir. 2008) and *Equal Employment Opportunities Comm'n. v. Eastern Airlines, Inc.*, 97 F.R.D. 646 (S.D. Fla. 1983). In those cases, movants for intervention claimed, as does Gretna, that although they were aware of the pending litigation, they did not realize until after the court ruled that it would adversely affect their interests. Both courts, following the guidelines set forth in *Stallworth v. Monsanto Co.*, 58 F.2d 257 (5th Cir. 1977), found that the movants were sufficiently aware of the progress of the cases so that they knew or should have known of the possibility of an adverse ruling with respect to the issues for which they sought to intervene.

## Relative Prejudice

Gretna asks the Court to either delete two of its findings or, alternatively, reopen the evidence and allow Gretna to intervene and present evidence and argument. Gretna claims either of these actions will not prejudice the Tribe because they are unnecessary to the Court's holding that the Tribe is entitled to

continue offering banked card games. Gretna discusses the objected to findings out of context and attempts to cloak its real goal in myopic rhetoric.

The finding that Section 849.086 forbids banking card games was never an issue. The statute is unambiguous in this respect. The issue tried was whether player banked games, and designated player games in particular, were banked games within the meaning of the Compact. The referenced findings were an integral part of the Court's reasoning leading to its conclusion that such games are banked card games for purposes of the Compact. The Court reasoned that the parties to the Compact intended to provide the Tribe with the exclusive right to offer banked card games in consideration for the substantial sums of money the Tribe agreed to pay the State. The fact that such games were prohibited by Section 849.086 was consistent with the scope of the Tribe's exclusivity under the Compact. The provision authorizing continuation of banked card games by the Tribe was triggered when, despite the objections of the Tribe, the State permitted others to offer such games after the Compact was executed.

Review of Gretna's motion to intervene and motion for Rule 59 relief reveals that Gretna is really seeking to retry the issue of whether designated card games are banked card games. Deletion of the objected to findings would undermine an important aspect of the Court's reasoning supporting its findings and conclusions to the significant prejudice of the Tribe.

Reopening the evidence to allow Gretna to introduce new evidence and argument would also substantially prejudice the Tribe in a number of ways: 1) the final judgment it obtained in this Court would be reopened and not be final until after additional proceedings; 2) its ongoing efforts to settle outstanding issues with the State in the form of a new or amended Compact would be put in limbo; and 3) it would have to bear the expense of new litigation at the district court level.

The Eleventh Circuit has held that the costs and burdens resulting from such intervention late in litigation are sufficiently prejudicial to justify denial of intervention. *See Brown v. Bush*, 194 Fed. Appx. 879 (11th Cir. 2006); *Reeves v. Wilke*s, 754 F.2d 965 (11th Cir. 1984).

On the other hand, denial of intervention would not prejudice Gretna in any way recognized by the Eleventh Circuit as sufficient to entitle it to intervention. The decision in this case is not binding on Gretna and Gretna identifies no legally protectable interest that it would lose by virtue of the decision. Under such circumstances, a movant is not considered to face the type of prejudice that would require intervention. *See Brown v. Bush*, 194 Fed. Appx. 883 ("Further, the district court's approval of the settlement agreement does not have any *stare decisis* effect on the Objectors because they are not parties to the suit; therefore, they may fully pursue any rights they may have under existing law…")

Gretna cites *Chiles v. Thornburgh*, 865 F.2d 1197 (11th Cir. 1989) and *United States v. South Florida Water Mgmt. Dist.*, 922 F.2d 704 (11th Cir. 1999) in support of its assertion that this Court's decision might have a *stare decisis* effect in later litigation affecting Gretna. The two cases, however, are materially distinguishable. In both of those cases, while there may not have been a binding impact upon the intervention movants, the decisions were binding upon government agencies and required the agencies to take actions that could have effectively deprived the movants of legally protectable rights. That is not the case here.

In future proceedings in Florida courts or before Florida state regulators, Gretna remains entirely free to argue that the games it offers do not offend Florida law. There is no *stare decisis* effect arising from this Court's decision. The fact that this Court's decision might be cited as a non-binding precedent contrary to Gretna's position in such future cases is not enough to justify granting Gretna the extraordinary relief it now seeks.

## Substantial Interest

The Eleventh Circuit has described the interest necessary to entitle a movant to intervention:

> Intervention of right is only available if the interest asserted is "direct, substantial, and legally protectable." *Athens Lumber Co., Inc. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982) (Citations omitted). In

> other words, "the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding."

*Huff v. Comm'r of IRS*, 743 F.3d 790, 799 (11th Cir. 2014).  Gretna is not a real party in interest, having no interest whatsoever in the Compact that is at the heart of the dispute.  At best, Gretna has an indirect and contingent interest in whether the games it is currently offering are "banking card games" within the meaning of Section 849.086.  Whether or not Gretna is currently in violation of Section 894.086 has nothing to do with the Tribe's right to continue conducting banked card games, and any determination that Gretna is violating the statute would require state action followed by an administrative or judicial proceeding in which Gretna would have a full opportunity to advance its argument and defend its rights.  The possibility that those things might happen, and that a state court or administrative agency might be influenced by this Court's findings in a case involving different dispositive issues, has not been recognized in this circuit (or any court identified by Gretna) as the kind of "direct and substantial" prejudice that would justify the grant of intervention.

### Adequate Representation

Even if Gretna were a real party in interest and had timely filed its motion to intervene, it would not be entitled to intervention if the position which it asserts as the basis for intervention had been adequately represented by the State in this

6

litigation. Gretna argues that because the State has taken inconsistent regulatory positions "with regard to authorizing player banking and/or designated player banking" in the past, Gretna cannot rely on the state to consistently maintain any position in the future. That is not the test. The question is not whether the State has generally acted consistently in its administrative capacity or what the State would do in the future, but whether the State adequately represented the position now advanced by Gretna during the litigation that progressed through trial.

In *Equal Employment Opportunity Comm'n v. Eastern Airlines, Inc.*, 97 F.R.D. 646 (S.D. Fla. 1983), the court noted that, while the issue of adequate representation in cases that had not progressed to judgment requires a court to "divine whether representation may be inadequate" such is not the case where, as here, intervention is sought after adjudication. The record itself shows whether the State adequately represented the position that prompts Gretna to seek intervention. Gretna seeks to establish that the games authorized by DBPR were lawful. The State vigorously advocated precisely that position, consistently from the filing of its responsive pleading through closing arguments. (Gretna does not state that the games it is offering are being played in the manner authorized by DBPR, but if they are not, Gretna has no legally protectable interest.) Gretna has identified no action by the State or its able lawyers during the course of this case that would

suggest inadequate representation of the only issue identified by Gretna as affecting its interests.

## Unusual Circumstances

Finally, the Rules for determining intervention as a matter of right require the Court to consider any unusual circumstances that might justify intervention, but Gretna proffers none.

## Permissive Intervention

Alternatively, Gretna devotes brief argument to requesting the Court to allow permissive intervention, but offers no justification for such intervention despite its delay in filing its motion until after entry of judgment.

## Conclusion

For the foregoing reasons, the Seminole Tribe respectfully urges the Court to deny the Motion to Intervene.

*S/ BARRY RICHARD*
**Barry Richard**
Florida Bar No. 0105599
**Greenberg Traurig, P.A.**
101 East College Avenue
Tallahassee, FL 32301
Telephone (850) 222-6891
Facsimile (850) 681-0207
richardb@gtlaw.com

**Joseph H. Webster**
D.C. Bar No. 448458
**Hobbs Straus Dean & Walker, LLP**
2120 L Street NW, Suite 700

       Washington, DC 20037
       Telephone (202) 822-8282
       *jwebster@hobbsstraus.com*

       *Attorneys for Plaintiff, Seminole Tribe of Florida*

9

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2016, a true and correct copy of the foregoing was served to the following counsel of record via CM/ECF:

Jason L. Maine
William N. Spicola
Department Of Business and
Professional Regulation
1940 North Monroe Street
Tallahassee, Florida 32399
Telephone: (850) 488-0063
Jason.maine@myfloridalicense.com
william.spicola@myfloridalicense.com

Anne-Leigh Gaylord Moe
Carter Andersen
BUSH ROSS, P.A.
1801 North Highland Avenue
Tampa, Florida 33601-3913
Telephone: (813) 224-9255
amoe@bushross.com
candersen@bushross.com

Robert W. Stocker II
Dickinson Wright PLLC
215 S. Washington Square, Suite 200
Lansing, MI 48933
rstocker@dickinsonright.com

Dennis J. Whittlesey
Dickinson Wright PLLC
1875 Eye Street, NW, Suite 1200
Washington, DC 20006
dwhittlesey@dickinsonwright.com

David S. Romanik
Florida Bar No. 212199
David S. Romanik, P.A.
P.O. Box 650
Oxford, Florida 34484
davidromanik@mac.com

Marc W. Dunbar
Jones Walker LLP
215 South Monroe Street, Suite 130
Tallahassee, Florida 32301
mdunbar@joneswalker.com

                                  /s Barry Richard
                                  BARRY RICHARD

*TAL 452063228v2*